IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Miscellaneous Action No. 26-mc-00130-NYW-CYC

SONOS, INC.,

      Plaintiff/Counter-Defendant,

v.

GOOGLE LLC,

      Defendant/Counter-Claimant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Cyrus Y. Chung, United States Magistrate Judge.**

A third party witness, Haley Taylor, moves to quash plaintiff Sonos' subpoena for her to testify in a deposition in its civil action against defendant Google LLC. ECF No. 1. Because notice of the deposition did not—and now, with fact discovery in the underlying litigation closed, cannot—comply with Local Rule 30.1's notice requirement, the Court recommends GRANTING the motion. If the plaintiff believes that it was unable to timely notify Ms. Taylor through no fault of its own, its proper recourse was and is to seek a modification of the presiding district court's Case Schedule for good cause, and then, if such modification is granted, notice the deposition and serve the subpoena in compliance with this district's Local Rules.

### BACKGROUND

This matter arises out of a patent infringement action pending in the Central District of California, *Sonos, Inc. v. Google LLC*, 2:20-cv-00169-JAK-DFM. Under the presiding district court's amended Case Schedule, the parties were required to complete fact discovery by July 2, 2026. ECF No. 1-2.

1

Ms. Taylor, a former Google employee, is one of the inventors of the patents at the center of the dispute, but is listed on the patents as Lee R. Taylor. ECF Nos. 3-5, 3-6. In their first and second supplemental initial disclosures, Google identified "Lee R. Taylor" with a last known address of "Boulder, CO" as an individual "likely to have discoverable information that Google may use to support its defenses." ECF No. 3-3 at 16, 21; ECF No. 3-4 at 18. Plaintiff's counsel states that because no one of that name could be found in Boulder, he believed that this individual was potentially deceased but, upon further investigation, determined that "Lee R. Taylor" was most likely Hayley April Taylor living in Golden, Colorado. ECF No. 3-1 ¶ 3. In reply, defense counsel states that Google produced a document to Sonos nearly a year ago that identified Ms. Taylor as "HAYLEY TAYLOR (A.K.A. LEE TAYLOR)," but does not attach said document. ECF No. 10-1 ¶ 4.

In all events, upon identifying Ms. Taylor on June 17, 2026, plaintiff's counsel made a number of efforts to contact her over the next few days to confirm her identity that went unanswered. ECF No. 3-1 ¶ 4. On June 24, 2026, without having reached Ms. Taylor, the plaintiff served her with a subpoena to testify at a deposition in Denver on July 1, 2026. ECF No. 1-2; ECF No. 3 at 2. After being served, Ms. Taylor retained defense counsel, ECF No. 10-1 ¶ 3, who informed plaintiff's counsel that she was not available to be deposed on July 1. ECF No. 3-2 at 8. In an effort to avoid litigation of the subpoena, the parties engaged in negotiations to agree upon a date and other conditions for her deposition, but were ultimately unable to agree. ECF No. 3-2. On July 2, 2026, Ms. Taylor filed this motion to quash the subpoena and/or order a protective order preventing her deposition. ECF No. 1.

**ANALYSIS**

This Court has jurisdiction over this matter because Ms. Taylor seeks relief from a subpoena that would compel her compliance in this district. *See* Fed. R. Civ. P. 45(a)(2), (d)(3); *cf. EEOC v. Dolgencorp, LLC*, No. CIV-21-295-RAW-GLJ, 2023 WL 5583993, at *3 (E.D. Okla. Aug. 30, 2023).

As relevant here, under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion," a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iv). In the District of Colorado, "[u]nless otherwise ordered by the court, reasonable notice for taking a deposition shall be not less than 14 days, as computed under Fed. R. Civ. P. 6." D.C.COLO.LCivR 30.1. The 14-day notice requirement is strictly applied. *See Segura v. Allstate Fire & Cas. Ins. Co.*, No. 16-cv-000047-NYW, 2016 WL 8737864, at *6 (D. Colo. Oct. 11, 2016) (quashing a subpoena noticed eight days prior to the return date); *Ark. River Power Auth. v. Babcock & Wilcox Power Generation Grp., Inc.*, No. 14-cv-00638-CMA-NYW, 2015 WL 4031846, at *9 (D. Colo. June 30, 2015) (declining to amend fact discovery deadline where party noticed subpoena for deposition just six days before the deadline); *Sutton v. Leeuwen*, No. 15-cv-02379-RM-MJW, 2016 WL 1258595, at *4 (D. Colo. Mar. 30, 2016).

Here, the subpoena was served—simultaneously providing notice to Ms. Taylor—seven days before the scheduled deposition. Accordingly, notice was deficient under D.C.COLO.LCivR 30.1. Because the subpoena violated the Local Rule for timely notice, it should be quashed under Fed. R. Civ. P. 45(d)(3)(A). *See, e.g.*, *Segura*, 2016 WL 8737864, at *6; *Harktopp v. State Farm Fire & Cas. Co.*, No. 22-cv-00630-REB-SP, 2023 WL 9099741, at *2 (D. Colo. June 14, 2023); *Lipin v. Wisehart*, No. 16-cv-00661-RNJ-STV, 2017 WL 8943545,

at *1 (D. Colo. July 6, 2017) (quashing subpoena on finding "that Plaintiff failed to comply with

the requirements of D.C.COLO.LCivR 30.1 and thus that the deposition notices violated the

Local Rules and were ineffective").

The plaintiff points out that the Local Rule provides that the minimum notice period can

be shortened by order of the court. ECF No. 3 at 9. There are two problems with this argument.

First, while it is true that "[t]he time constraints on noticing depositions may be modified at the

court's discretion," here, "[Sonos] never even bothered to ask." *Hellen v. Am. Fam. Ins. Co.*, No.

22-cv-02717-REB-SBP, 2024 WL 3636247, at *2 (D. Colo. Feb. 29, 2024). Instead, with the end

of fact discovery rapidly approaching, the plaintiff simply chose to serve the subpoena on

facially insufficient notice and waited until Ms. Taylor filed the instant motion to request that the

Court retroactively exempt it from strict compliance with the Local Rule. This will not do. *See*

*EEOC v. Original Honeybaked Ham Co.*, Nos. 11-cv-02560-MSK-MEH, 12-cv-02137-MSK-

MEH, 2012 WL 4466542, *2 (D. Colo. Sept. 27, 2012).

Second, and more fundamentally, modifying the minimum notice period or otherwise

requiring Ms. Taylor to sit for a deposition would necessarily interfere with the amended Case

Schedule, which set July 2, 2026 as the cut-off for fact discovery. ECF No. 1-2. Under Federal

Rule 16(b), a district court judge sitting in a civil action generally "must issue a scheduling

order" that "limit[s] the time to . . . complete discovery[.]" Fed. R. Civ. P. 16(b)(1), (b)(3)(A).

The scheduling order "may be modified only for good cause and with the judge's consent." Fed.

R. Civ. P. 16(b)(4). The Local Rules for the Central District of California further state that "[a]ny

application to modify" a scheduling order "shall be made to the judicial officer who entered the

order." L.R. 16-14. Finally, the Initial Standing Order for Civil Cases issued in this case contains

specific procedures for the parties to request a continuance or extension of time for any date set

4

by the presiding judge. *See* 2:20-cv-00169-JAK-DFM, ECF No. 13 at 4-5 (Section 4,

"Continuances or Extensions of Time").

The plaintiff has pointed to no authority allowing the Court to modify the Case Schedule

*sub silentio* by ordering the plaintiff to sit for a deposition notwithstanding facially deficient

notice—thereby extending the fact discovery period—in defiance of the Federal Rules, the Local

Rules, and the Initial Standing Order. The gravamen of the plaintiff's response is that Ms. Taylor

is an important witness in the case, it identified and attempted to contact her as soon as it

reasonably could, and it made good faith efforts to accommodate her schedule and lessen the

burden on her. ECF No. 3 at 5–8. Ms. Taylor, through counsel, disputes some or all of these

propositions. ECF No. 10. In other words, this is a fight about good cause. But that fight should

take place before the presiding judge in a request to modify the fact discovery cut-off. If the

district court agreed that there was good cause to extend the deadline, then the plaintiff could

have notified and served the witness according to the Local Rules of the District of Colorado.

Theoretically, the plaintiff could still pursue this path to depose Ms. Taylor, but it may not obtain

a change in the Case Schedule through the backdoor of a late-noticed subpoena. *See, e.g.*,

*Vendavo Inc. v. Kourby*, No. 20-cv-00840-CMA-NYW, 2020 WL 13568983, at *3–4 (D. Colo.

Oct. 29, 2020); *One Call Locators, Ltd. v. CenturyTel Service Grp. LLC*, No. 16-cv-00844-

CMA-KMT, 2017 WL 8294284, at *2 (D. Colo. Sept. 5, 2017); *Ark. River Power Auth.*, 2015

WL 4031846, at *9.

Resisting this conclusion, the plaintiff argues that Ms. Taylor's motion should be denied

as untimely because she filed it on July 2, 2026, one day after the return date of the subpoena.

ECF No. 3 at 10–12. This argument is unavailing. Although the plaintiff was willing to depose

Ms. Taylor on July 2, it would not "agree to an extension of time for [her] motion to quash" to

5

the same date because, it insisted, "the dispute must be resolved before the fact discovery cutoff." ECF No. 3-2 at 4. But even if Ms. Taylor had filed her motion to quash on July 1, it was highly unrealistic that the Court could or would have both ruled the same day and ordered that Ms. Taylor's deposition take place before the end of fact discovery. *See generally Gillette v. Ruch*, No. 2:24-cv-00555-SRM-MAR, 2025 WL 1090158, at *1 (C.D. Cal. Mar. 17, 2025). The fact that the improperly-noticed deposition was scheduled so close in time to the discovery cut-off all but assured that a ruling in the plaintiff's favor would require the Court to modify the Case Schedule—which, as discussed, this Court lacks the authority to do. Thus, regardless of the reasons for the plaintiff's initial failure to provide proper notice, it cannot now insist that Ms. Taylor, by filing her motion one day after the subpoena's return date and as the parties were still discussing alternative solutions, prevented timely resolution of the issue.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** granting the Motion to Quash Subpoena for Deposition and for Protective Order, ECF No. 1, to the extent of quashing the subpoena.[1] In doing so, it takes no position on any of the parties' other underlying disputes,

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

including whether the plaintiff diligently identified and attempted to contact Ms. Taylor, whether compliance with a properly noticed and served subpoena would be unduly burdensome, and if so, whether the plaintiff's offers to compromise sufficiently alleviate that burden. Furthermore, because it recommends quashing the subpoena, the Court also **RECOMMENDS** denying Ms. Taylor's additional or alternative request for a protective order as moot.

Respectfully submitted this 23rd day of July, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge